UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| HALLMARK HOME MORTGAGE, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) CASE NO. 1:13–cv–1251 ) |
| HALLMARK RENTALS & MANAGEMENT, INC. | ) ) ) ) |
| Defendant. | ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Hallmark Home Mortgage, LLC ("Hallmark"), by counsel, for its Complaint for Declaratory Judgment against Hallmark Rentals & Management, Inc. ("HRM"), states as follows:

**PARTIES AND JURISDICTION**

1. Hallmark is an Indiana limited liability company with its principal place of business in Fort Wayne, Allen County, Indiana.

2. Upon information and belief, HRM is an Indiana corporation with its principal place of business in Bloomington, Monroe County, Indiana.

3. This is a declaratory judgment action for non–infringement of common law trademark rights under the Lanham Act, common law and the laws of Indiana. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C § 1331, 28 U.S.C § 1338, the Declaratory Judgment Act under 28 U.S.C. § 2201, 15 U.S.C. §§ 1116–1118, 1125, and 28 U.S.C. § 1367(a) as to the related common law and state law claims.

1

30I7994

4. This Court's exercise of supplemental jurisdiction over the common law and state law–related claims is proper because these claims are so related to the questions of federal law, that they form part of the same case or controversy – HRM has alleged violations of federal law, common law and state law based on the same accused conduct of Hallmark.

5. This Court has personal jurisdiction over HRM because, on information and belief, HRM maintains its principal place of business within this District.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

**BACKGROUND REGARDING HALLMARK**

7. Hallmark was founded in February 2007, and operates a mortgage lending business under the trademark HALLMARK HOME MORTGAGE, encountered by the consuming public as follows:



8. Hallmark currently operates in 11 locations in Indiana, Ohio, and Florida. Hallmark focuses its business on residential real estate financial services. Hallmark plans to expand its business into other states.

9. Hallmark uses the colors brown and green in signage and décor. It also uses a distinctive quill pen as part of its logo.

10. Hallmark began using its HALLMARK HOME MORTGAGE trademark in connection with its home mortgage lending business on February 27, 2007 – more than six (6)

2

years ago. Since that date, it has continuously and prominently used the HALLMARK HOME MORTGAGE trademark in connection with its home mortgage lending business.

11. Hallmark has a pending application for trademark registration with the United States Patent and Trademark Office for the HALLMARK mark (word only), Serial Number 85/937,259 in International Class 036 and used in connection with the following: Financial services, namely, mortgage planning; Financial services, namely, mortgage refinancing; Housing services, namely, real property acquisition and consumer financing to facilitate home ownership; Insurance agencies in the field of home, vehicles, personal property; Insurance brokerage in the field of home insurance; Mortgage brokerage.

12. Hallmark is also the owner of a trademark registration with the State of Indiana for the trademark HALLMARK HOME MORTGAGE (words only), File No. 2013–0263, used in connection with residential mortgage financing, settlement of mortgage loans, mortgage insurance, and related services. A true and correct copy of the State of Indiana Certificate of Trademark Registration is attached hereto and incorporated herein as Exhibit A.

13. Hallmark has expended substantial money and other resources to promote, advertise, and expand its HALLMARK HOME MORTGAGE brand mortgage lending business throughout the Midwest and plans to continue to expand substantially throughout the United States.

14. As a result of the notoriety of Hallmark's HALLMARK HOME MORTGAGE brand mortgage lending business, the HALLMARK HOME MORTGAGE trademark has become well known to consumers throughout the Midwest. This notoriety is critical to obtain and expand interest by consumers that are essential to the viability and expansion of Hallmark. Loss of the ability to use the HALLMARK HOME MORTGAGE trademark would have an

adverse effect on Hallmark's current and future operations, its employees, as well as its ability to expand into other markets.

## BACKGROUND REGARDING HRM

15. Upon information and belief, Defendant HRM operates one location in Bloomington, Indiana, at which it provides commercial and residential property management services under the brand name HALLMARK RENTALS & MANAGEMENT.

16. Upon information and belief, HRM has no locations or business services outside of the State of Indiana.

17. HRM was previously named OBR Property Management & Rentals, Inc. before changing its name to HRM.

18. HRM uses blue and white prominently in its public décor. It also uses an outline of a house and a pineapple in its logo. HRM's use is encountered by the public as follows:



19. HRM's rights in the mark HALLMARK, if any, are geographically limited to an area in Bloomington, Indiana.

20. The signage, exterior décor and use of the HALLMARK HOME MORTGAGE trademark in connection with its home mortgage business is distinct and different from the signage, exterior décor, and use by HRM with its property management business.

## BACKGROUND OF DISPUTE

21.     By letter dated May 9, 2013, HRM sent a cease and desist letter to Hallmark (the "Cease and Desist") claiming that Hallmark was infringing on HRM's use of the HALLMARK mark and engaging in unfair competition. A true and correct copy of the Cease and Desist is attached hereto and incorporated herein as Exhibit B.

22.     In the Cease and Desist, HRM claims to own "common law trademark rights, common law service mark rights, and trade name rights . . . with regard to the Hallmark name." HRM claims to use the Hallmark name in "activities hav[ing] to do with real estate." *See* Ex. B.

23.     In the Cease and Desist, HRM admits that the types of uses differ, stating: "it could be logical for the public to draw the incorrect conclusion that the same firm providing property management services *has another arm of business* that handles mortgage–related matters." (emphasis added). *See* Ex. B.

24.     At the close of the Cease and Desist, HRM indicated that it would sue Hallmark if Hallmark did not immediately cease and desist from any use of the term HALLMARK.

25.     By letter dated July 16, 2013, HRM sent another letter to Hallmark in which it offered to settle the dispute (the "Settlement Letter"). In the Settlement Letter, HRM indicated that it had a claim against Hallmark for unfair competition.

26.     Consumers cannot apply for or obtain mortgage financing from HRM.

27.     Hallmark does not engage in the business of property management.

28.     The actions by HRM, demanding that Hallmark cease and desist using the trademark HALLMARK and suggesting that it will sue Hallmark have created a concrete dispute

5

between the parties regarding their respective rights in the HALLMARK mark that warrants resolution by declaratory judgment.

29. This dispute, if left unresolved, will adversely affect Hallmark's relationship with its employees and customers and impede its ability to expand into other areas of the United States.

30. Declaratory relief will serve the useful purpose of clarifying and settling legal rights between the parties with respect to the HALLMARK trademark.

31. Under the circumstances, a controversy of sufficient immediacy and reality exists with respect to Hallmark's use of its HALLMARK trademark to warrant the issuance of a declaratory judgment.

32. Therefore, there exists an actual and justiciable controversy between Hallmark and HRM regarding whether Hallmark is infringing the alleged trademark rights of HRM.

33. Over the past six years, Hallmark has made a substantial monetary investment and has developed substantial goodwill in its HALLMARK trademark. Hallmark's right to use its trademark is now clouded as a result of HRM's actions. HRM's actions will continue to impede and interfere with Hallmark's legitimate business interests and objectives, thereby constituting actual harm to Hallmark.

## COUNT I
## DECLARATORY JUDGMENT OF NON–INFRINGEMENT

34. Hallmark incorporates the allegations contained in Paragraphs 1 through 33 as if those allegations were fully restated in this Paragraph.

35. Hallmark's use of its HALLMARK trademark does not infringe any existing and valid trademark right of HRM under the Lanham Act (15 U.S.C. § 1125(a)) or the laws of the State of Indiana.

## COUNT II
## DECLARATORY JUDGMENT OF NO UNFAIR COMPETITION

36. Hallmark incorporates the allegations contained in Paragraphs 1 through 35 as if those allegations were fully restated in this Paragraph.

37. By alleging that Hallmark has engaged in unfair competition against HRM, HRM's actions have created an actual controversy as to whether Hallmark's use of the HALLMARK trademark constitutes unfair competition.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Hallmark Home Mortgage, LLC, by counsel, respectfully requests that the Court enter judgment in its favor and against Defendant Hallmark Rentals & Management, Inc. as follows:

A. That the Court declare that Hallmark's use of its HALLMARK trademark does not infringe any existing and valid trademark right of HRM under the Lanham Act (15 U.S.C. § 1125(a)) or the laws of the State of Indiana.

B. That the Court declare that Hallmark's use of its HALLMARK trademark does not constitute unfair competition against HRM under the Lanham Act or the laws of the State of Indiana.

C. That the Court order that HRM, its directors, officers, employees, servants, attorneys, agents, representatives, distributors, licensees, and all persons in active concert or participation with them, be enjoined and restrained permanently from interfering with

Hallmark's use and registration of the trademark HALLMARK, and from opposing, seeking to cancel, or otherwise objecting to any registration applications to the HALLMARK trademark.

    D.    That the Court award Hallmark its reasonable attorneys' fees and costs of this action, and all other just and proper relief.

> Respectfully submitted,
>
> BECKMAN LAWSON, LLP
>
> By:    s/Jeremy L. Reidy
>            Jeremy L. Reidy, #25070–02
>            jreidy@beckmanlawson.com
>            Craig R. Patterson, #18104–02
>            cpatterson@beckmanlawson.com
>            201 West Wayne Street
>            Fort Wayne, IN 46802
>            Telephone: 260–422–0800
>            Facsimile: 260–420–1013
>            Attorneys for Plaintiff